IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RUSSELL K. HILL, #L3506                                         PETITIONER

VERSUS                                         CIVIL ACTION NO. 5:10-cv-16-DCB-MTP

STATE OF MISSISSIPPI                                            RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner is a inmate incarcerated at the Wilkinson County Correctional Facility, Woodville, Mississippi and filed this petition for writ of mandamus pursuant to 28 U.S.C. § 1361 on February 16, 2010. The Petitioner requests "injunctive relief compelling the Mississippi Supreme Court to answer the habeas corpus petition" submitted by Petitioner. *Pet.* [1], p.1. Petitioner further requests that this Court direct the Clerk of the Mississippi Supreme Court to acknowledge his filings in state court. *Pet.* [1], p. 2. As discussed below, this Court lacks the authority to grant the relief requested by the Petitioner.

Analysis

Mandamus relief is available "to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Respondent is not an officer or employee of the United States and therefore, is not subject to the statutory mandamus authority of this Court, under 28 U.S.C. § 1361. Furthermore, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Super. Ct.*, 474 F.2d 1275-76 (5th Cir. 1973); *see also Noble v. Cain*, 123 Fed.Appx. 151, 152 (5th Cir. 2005)(mandamus relief is not available to federal courts to direct

state officials in the performance of their duties); *Rhodes v. Keller*, 77 Fed.Appx 261(5th Cir. 2003)(district court lacked authority to order the state court to act on petitioner's habeas petition); *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997)(writ of mandamus dismissed for lack of authority where petitioner seeks district court review of his state writ on the merits). Therefore, this Court does not have authority to direct the Respondent "to answer the habeas corpus petition" submitted by Petitioner in state court.

## Conclusion

As discussed above, this Court does not have the authority to issue a writ of mandamus to grant the relief requested by the Petitioner. Accordingly, this petition for writ of mandamus is denied and this case is dismissed.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 22nd day of April, 2010.

                                s/David Bramlette
                                UNITED STATES DISTRICT JUDGE