# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RUSSELL K. HILL, #L3506**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO. 5:10-cv-16-DCB-MTP**

**STATE OF MISSISSIPPI**  **RESPONDENT**

## ORDER

This cause is before the Court on Petitioner's motion for reconsideration [7] of the Memorandum Opinion [3] and Final Judgment [4] filed in this cause on April 28, 2010. Having considered the issues raised in the motion, the Court finds that the motion is not well taken and should be denied.

Although a "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990) (*abrogated on other grounds*). Since Petitioner's motion was filed within twenty eight days of the Court's final judgment, his request will be reviewed pursuant to Rule 59(e). *See Rogers*, 2008 WL 2337184, at *5 (citing *Lavespere*, 910 F.2d at 173).

In order to obtain relief Petitioner "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003) (citation omitted). The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court

should consider the following non-inclusive factors: (1) the reasons for the plaintiffs' default; (2) the importance of the evidence to the plaintiffs' case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 Fed.Appx. 777, 778 (5th Cir. 2003) (citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.* at 626.

Petitioner's motion [7] asserts that this Court should have considered his claims under 28 U.S.C. § 1651 in addition to how the Court considered Petitioner's claims initially which was as a writ of mandamus pursuant to 28 U.S.C. § 1361. Notwithstanding Petitioner's assertions, not only is this Court not able to grant the requested relief to Petitioner under the writ of mandamus pursuant to 28 U.S.C. § 1361, likewise, 28 U.S.C. § 1651 does not create a cause of action wherein the Court may grant the relief requested by the Petitioner. *See In Re Stokes*, No. 94-60361, 1994 WL 487184 (5th Cir. Aug 15, 1994) (action filed pursuant to 28 U.S.C. § 1651 dismissed because the district court lacked authority to direct the state court to rule on petitioner's motion for post-conviction relief).

For the foregoing reasons, the Court concludes that Petitioner has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Further, Petitioner's motion for reconsideration [7] also requests that this Court allow him to amend his original request for mandamus. As discussed above, a Final Judgment [4] was entered

2

in this case on April 28, 2010, therefore, Petitioner's request to amend his petition will be denied as moot.

IT IS THEREFORE ORDERED that Petitioner's motion for reconsideration [7], is hereby **denied.**

SO ORDERED this the  13th   day of July, 2010.

s/David Bramlette  
UNITED STATES DISTRICT JUDGE
